UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT NELSON, ) | | |
|         Petitioner, ) | | |
| vs. ) | | 1:06-cv-1693-SEB-JMS |
| ) | | |
| CRAIG HANKS, ) | | |
| ) | | |
|         Respondent. ) | | |

**Entry Discussing Petition for Writ of Habeas Corpus**

      Having considered the pleadings and the expanded record in this action for a writ of habeas corpus brought by Robert Nelson ("Nelson") the court concludes that this action must be **dismissed with prejudice.** This conclusion is based on the following facts and circumstances:

      1.     Because Nelson's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Although Section 2244(d)(1)(A) does not define "final by the conclusion of direct review," the Supreme Court has explained that "by 'final', we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321 n.6 (1987) (quoting *United States v. Johnson,* 457 U.S. 537, 542 n.8 (1982)).

      2.     Nelson challenges his 1996 conviction in Marion County for burglary as a Class B felony. There was no direct appeal from this disposition. The trial court later revoked Nelson's probation, and there was no appeal from this action either. He filed an action for post-conviction relief on February 23, 2004. That action remains pending.

3. Nelson's conviction became final, for habeas corpus purposes, on August 18, 1996, which was the last day on which he could have filed an appeal from the imposition of sentence. This gave him through August 17, 1997, in which to file a federal habeas petition.

4. Nelson did not file his habeas corpus action within one (1) year from August 18, 1996, but did so on the date he signed his petition, November 15, 2006. It is true, of course, that running of this period would have been tolled while any properly filed action for post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). It is also true that Nelson filed an action for post-conviction relief and that such action has been pending in the Indiana state courts from the date it was filed on February 23, 2004, through the present.

5. The expanded record therefore shows that the post-conviction petition was not filed until after the statute of limitations had expired. Accordingly, the tolling consequence of that petition in this case is a non-issue. See *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

6. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Nelson has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/29/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana